# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ATLEE PARSONS, <br> Plaintiff, <br> v. <br> DEOBRA WOLFE, et al., <br> Defendants. | Case No. 18-cv-06280-HSG <br><br> **ORDER OF DISMISSAL WITHOUT PREJUDICE** |

Plaintiff, an inmate at Mule Creek State Prison, has filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. For the reasons set forth below, this action is DISMISSED without prejudice.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."' *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

Plaintiff names as defendants Alameda County court reporter Deobra Wolfe and Alameda County District Attorney Amiclar Cabral Ford. The complaint makes the following allegations. The underlying criminal case for which Plaintiff is incarcerated was originally before Judge Kevin Murphy in the Hayward courthouse. Judge Murphy ordered that Defendant Ford offer Plaintiff a plea bargain that would include no jail time because Plaintiff had cooperated with prosecutors. In order to nullify this plea bargain, Defendants manufactured a clerk's docket and minute order that falsely stated that Judge Murphy had recused himself from the case and reassigned the case to the Oakland courthouse. The case was therefore reassigned to Judge Hurley in the Oakland courthouse. Defendant Ford falsely told Judge Hurley that the reassignment occurred because Judge Murphy had recused himself. Plaintiff's counsel filed a pretrial habeas petition arguing that Judge Murphy did not legally recuse himself and that the reassignment was improper. Judge Hurley stated that he was unclear if there was a recusal because he was not in possession of the court file. After Defendant Ford and Plaintiff's counsel stipulated that Judge Murphy had recused himself, Judge Hurley agreed to proceed with the case. Defendant Ford then proceeded to "actively advocate[e] against the implementation" of the plea bargain despite being aware that Plaintiff's life would be in danger if he were incarcerated because of his prior cooperation with the prosecution.

Plaintiff brings one cause of action. He alleges that Defendants Ford and Wolfe violated his Fourteenth Amendment right to due process of law and his Eighth Amendment right to be free of cruel and unusual punishment when they defrauded him out of his lawful plea bargain, resulting in his unlawful confinement where he has been subject to physical assaults and psychological and emotional distress. Dkt. No. 1 at 9. Plaintiff seeks declaratory relief, as well as compensatory and punitive damages. Dkt. No. 1 at 10.

**C.  Discussion**

The essence of Plaintiff's claim is that his sentence is invalid or unlawful because it is the result of Defendants' fraudulent behavior. In other words, Plaintiff challenges the validity of his criminal sentence.

A state prisoner's § 1983 action is barred, "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). When judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; the complaint must be dismissed unless plaintiff can demonstrate that sentence has already been invalidated, i.e., by reversal on direct appeal, expungement by executive order, declaration of invalidity by a state tribunal authorized to make such determination, or by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Here, success on his claim requires finding that Plaintiff was defrauded out of a plea bargain and that his current sentence is therefore invalid. Such a claim may not be brought in a § 1983 action, but must be brought in a petition for habeas corpus pursuant to 28 U.S.C. § 2254. Accordingly, the Court DISMISSES this action without prejudice to Plaintiff's refiling as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.[1]

---

[1] Plaintiff has previously filed a habeas petition, *Parsons v. Lizarraga, et al.*, C No. 14-cv-04833 HSG (PR), which challenges a 2010 conviction. If this action challenges the sentence handed down from the same conviction, it is a second or successive petition and Plaintiff must first obtain an order from the court of appeals authorizing the district court to consider the petition before such petition may be filed. *See* 28 U.S.C. § 2244(b)(3)(A).

3

**CONCLUSION**

For the foregoing reasons, the Court hereby DISMISSES this action without prejudice to Plaintiff's refiling as a petition for habeas corpus pursuant to 28 U.S.C. § 2254. The Clerk shall enter a judgment of dismissal without prejudice in favor of Defendants and close the file.

**IT IS SO ORDERED.**

Dated: 2/13/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge